**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2055
_____

UNITED STATES OF AMERICA

v.

RANDALL PARSONS,
                                        Appellant
_____

On appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-13-cr-00104-001)
District Judge:  Honorable Joel H. Slomsky

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 3, 2016

Before:  CHAGARES, HARDIMAN, and SCIRICA, <u>Circuit Judges</u>.

(Filed: November 10, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Randall Parsons appeals the District Court's judgment of conviction and sentence.[1] We will affirm the District Court's judgment.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. On February 14, 2011, Parsons and two other individuals, Jonathan Andrews and Joseph Meehan, agreed to rob a CVS Pharmacy at 8525 Frankford Avenue in Philadelphia. The robbery occurred around 8:30 p.m. that day. Parsons drove the getaway car to the CVS parking lot and acted as a lookout while Meehan and Andrews went into the store. Parsons and Meehan each had a handgun; Andrews carried a BB gun. After Meehan and Andrews demanded drugs from a CVS employee, but before they had left the premises, police arrived at the scene. By this time, Parsons had already driven away from the scene, leaving Meehan and Andrews behind.

As police officers confronted Meehan and Andrews inside the CVS, Meehan fired his gun at a window in an effort to shatter it to escape. This effort failed, but he and

_____

[1] Parsons is proceeding with this appeal pro se. On June 23, 2015, this Court appointed counsel to represent Parsons, but Parsons filed a pro se motion on August 21, 2015 for appointment of new counsel or, in the alternative, to proceed pro se. We granted Parsons's motion and appointed the Federal Public Defender to represent him in this appeal. On November 27, 2015, Parsons filed a pro se motion for leave to proceed pro se. He did not, however, timely comply with the Court's order to file a waiver of counsel form or affirmation; the Court therefore denied his request and an Assistant Federal Public Defender made an appearance on December 22, 2015. On April 21, 2016, Parsons again filed a pro se motion for leave to proceed with the appeal pro se and this time included a signed waiver of counsel form. The Court granted his motion to proceed pro se.

2

Andrews were able to open a window and climb out. While outside, they encountered more police officers, and Meehan exchanged gunfire with them before the pair escaped. Parsons was not apprehended until about two years later, when he was arrested by federal authorities on March 8, 2013.

On March 7, 2013, a federal grand jury returned an indictment against Parsons. Count One of the indictment charged Parsons with attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951. Count Two charged him with using and carrying and aiding and abetting the use and carrying of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)-(2). After Parsons was arrested, a superseding indictment was returned on April 11, 2013. The superseding indictment added a third count of assaulting a federal officer in violation of 18 U.S.C. §§ 111(a)(1), (b). This count was related to events arising from Parsons's arrest, when he backed his car into a police vehicle.

On January 7, 2014, after a jury was empaneled but before trial began, Parsons pled guilty to Count One of the superseding indictment. The Government stated on the record that it would dismiss Counts Two and Three at sentencing and agreed that Parsons did not brandish or discharge a firearm during the robbery and thus was not subject to the enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2B3.1(b)(2)(A).

Prior to sentencing, Parsons notified the District Court that he was dissatisfied with his lawyer and wanted to proceed pro se. The court held a hearing on September 12, 2014 and granted Parsons's request. It also ordered that Parsons file any motions within three weeks. A week later, Parsons filed a motion to withdraw his guilty plea and two

3

motions to dismiss the indictment. He later filed eleven more motions, as well as objections to his Presentence Report and a supplemental sentencing memorandum, between September 24 and October 31, 2014. The District Court then granted a motion by the Government to set a deadline for the filing of motions. It set Parsons's deadline as December 9, 2014 and the Government's deadline to respond as December 23, 2014.

After the deadlines expired, Parsons filed three more motions. The Government responded to all of his outstanding motions, and Parsons filed rebuttals as well as additional filings.

On February 26, 2015, the District Court denied Parsons's motion to withdraw his guilty plea. It also denied his other outstanding motions in separate orders issued on February 26 and 27, 2015. The court's February 27, 2015 opinion specifically denied Parsons's motions to dismiss the indictment, concluding that each of his arguments was without merit. The court scheduled sentencing for April 21, 2015.

Between March 12 and April 13, 2015, Parsons filed two motions for reconsideration, three motions to withdraw his guilty plea, a motion for ineffective assistance of counsel, and a motion to continue the sentencing. The District Court denied these motions as untimely and repetitious of motions already denied.

Parsons was sentenced on April 21, 2015. At the sentencing, the District Court determined that Parsons had a total offense level of 24, based on a 20-point base offense level for attempted robbery in violation of 18 U.S.C. § 1951, a one-point enhancement for the taking of controlled substances during the robbery pursuant to the U.S.S.G. § 2B3.1(b)(6), a six-point enhancement for creating a substantial risk of serious bodily

4

injury by assaulting a law enforcement officer pursuant to U.S.S.G. § 3A1.2(c)(1), and a three-point deduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). The court determined that Parsons's criminal history score was seven and his criminal history category was IV. Three of the seven criminal history score points were based on a 1998 conviction for which Parsons served for eighty-seven days in pretrial detention and was sentenced to three to twenty-three months of imprisonment with immediate parole and one year of probation.

Parsons objected to the application of the six-level enhancement under section 3A1.2(c)(1), arguing that the enhancement did not apply to him because he had already left the scene of the crime when Meehan shot at the police. He also objected to the District Court's calculation of his criminal history score and category, asserting that the 1997 conviction carried a suspended sentence and that the suspended portion of the sentence should not be considered in calculating his criminal history score pursuant to section 4A1.1(a).

The District Court rejected both of these arguments and determined that Parsons's advisory Guidelines range was 77 to 96 months of imprisonment. The District Court ultimately sentenced Parsons to 90 months of imprisonment and three years of supervised release, as well as restitution of $1,650 and a $100 special assessment. The District Court also granted the Government's motion to dismiss Counts Two and Three.

Parsons timely appealed his sentence and conviction.

5

II.

The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. §§ 1291 and 3742.

Legal interpretations of the United States Sentencing Guidelines are subject to plenary review. United States v. Jones, 740 F.3d 127, 132 (3d Cir. 2014). "Factual findings pertaining to sentencing are reviewed for clear error, and we review application of the Guidelines to the facts for abuse of discretion." Id. Procedural errors at sentencing are also reviewed for abuse of discretion, unless "an appellant fails to raise a contemporaneous objection below," in which case the review is for plain error. Id. "We apply a mixed standard of review to a district court's decision on a motion to dismiss an indictment, exercising plenary review over legal conclusions and clear error review over factual findings." United States v. Stock, 728 F.3d 287, 291 (3d Cir. 2013).

As for the District Court's decision to dismiss Parsons's ineffective assistance of counsel motion as untimely, "we accord district courts great deference with regard to matters of case management." Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010). We are careful not to "interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." Id. (quoting In re Fine Paper Antitrust Litig., 685 F.2d 810, 817–18 (3d Cir. 1982)).

6

III.

A.

Parsons challenges his sentence on two bases, both of which he had raised during his sentencing proceedings. First, he contends that the District Court erred in applying a six-level enhancement pursuant to U.S.S.G. § 3A1.2(c)(1) because he had already left the scene when his confederates shot at law enforcement officers. Second, he argues that the District Court improperly calculated his criminal history score and category by counting his 1997 sentence as a regular sentence instead of a suspended sentence.

1.

Section 3A1.2(c)(1) of the advisory Guidelines provides that a six-level enhancement is warranted if,

> in a manner creating a substantial risk of serious bodily injury, the defendant or a person for whose conduct the defendant is otherwise accountable . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom.

Parsons primarily contends[2] that the enhancement does not apply because he had already left the scene while Meehan shot at the police, and therefore the assault of law

---

[2] Parsons also appears to assert that at sentencing, the Government presented no evidence that Meehan and Andrews actually assaulted the police officers. He raises a number of points with respect to the crime scene evidence in his reply brief. However, Parsons did not object to the portion of the PSR establishing the facts underlying the enhancement. Instead, he first challenged the application of this enhancement in his sentencing memorandum on the basis that the Government had made different representations regarding the applicability of the enhancement in a pre-plea conversation. Both in his filings and at sentencing, Parsons also made arguments regarding his lack of knowledge

7

enforcement cannot be attributed to him. The District Court disagreed, reasoning instead that Parsons was "accountable for the foreseeable conduct of Mr. Meehan and Mr. Andrews with respect to the gun fight . . . ." Supp. App. 122; id. at 119.[3]

The District Court's determination was correct. Although Parsons left the scene of the crime and may not have known that his confederates had shot at law enforcement officers, he is nevertheless "otherwise accountable" for their conduct. Section 1B1.3(a)(1)(B) of the Guidelines defines relevant conduct and specifies that a defendant is accountable for the conduct of others with whom he jointly undertakes criminal activity — defined as "a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy" — so long as the conduct is within the scope of, in furtherance of, and reasonably foreseeable in connection with the jointly undertaken criminal activity. See also U.S.S.G. § 1B1.3(a)(1)(B), cmt. 4(B)(i) (noting that a getaway driver for an armed bank robbery is responsible for amount of money taken and any assault on the bank teller); cmt. 3(D)

_____

that his confederates would assault a police officer. See Supp. App. 115, 120 ("If I'm not even there how could I be in concert with the defendants . . . ?"). At no point did Parsons challenge the underlying facts: that he agreed to drive Meehan and Andrews to the CVS in order to commit armed robbery, that both he and Meehan carried firearms, and that Meehan did in fact shoot at officers while fleeing the CVS. In fact, Parsons objected to a number of other facts in the PSR, including language about parking the getaway car at the front door of the CVS, but chose not to challenge the facts relevant to this enhancement. He cannot belatedly do so now.

[3] At sentencing, District Court also based the enhancement on the events of March 8, 2013, when Parsons backed up his car into a police car after being apprehended for his arrest. The Government has conceded that Parsons's assault on the officers during his arrest does not support the application of the section 3A1.2(c)(1) enhancement.

8

(noting that "the criminal activity that the defendant agreed to jointly undertake, and the reasonably foreseeable conduct of others in furtherance of that criminal activity, are not necessarily identical" and raising example that both defendants in a robbery are accountable for the assault of a victim by only one defendant).

Parsons appears to argue that because he drove away before Meehan discharged his firearm, it was not "reasonably foreseeable" that Meehan would use the firearm. Supp. App. 120.[4] That position is contradicted by undisputed facts: Parsons drove Meehan and Andrews to the store in order to carry out the robbery, hence undertaking the criminal scheme in concert. Both Meehan and Parsons were armed with firearms; Meehan's firing the firearm was within the scope of and in furtherance of the armed robbery. Parsons also acknowledges that there was reasonably foreseeable risk of bodily injury to law enforcement. We conclude that the District Court did not improperly apply the section 3A1.2(c)(1) enhancement.

2.

Parsons also challenges the calculation of his criminal history score and category. He contends that his criminal history score should have been six, not seven, which would

---

[4] Parsons also argues that because he had personally "departed long before the police arrived on the scene," the assault did not occur during his "immediate flight." Parsons Br. 10. This misses the mark, as it is undisputed that Meehan shot at police officers while in immediate flight from the offense — that is, the armed robbery. Because Parsons is accountable for the conduct of his confederates pursuant to U.S.S.G § 1B1.3, he is accountable for his confederates' assault on the officers while they fled.

result in a criminal history category of III, not IV.[5] Parsons contends that although he was sentenced to three to twenty-three months of imprisonment for his 1998 conviction, he received a suspended sentence for all but the eighty-seven days he served in pretrial detention. Section 4A1.2(b) of the Guidelines requires the Court only to count the portion of the sentence that was not suspended. For Parsons, this would mean that the District Court should have only added two points under section 4A1.1(b) for sentences of at least 60 days but under one year and one month, rather than three points under section 4A1.1(a) for sentences over a year and one month.

The District Court's factual determination that the sentence for the 1998 conviction was not a suspended sentence was not clearly erroneous. It reviewed the sentencing records from the 1998 conviction submitted by the United States Probation Office. Those records indicate that Parsons pled guilty and was sentenced to "three (3) to twenty-three (23) months with immediate parole followed by one (1) year reporting probation." Supp. App. 195. The records do not contain any indication that the sentence was a suspended sentence. Parsons argues that functionally, a suspended sentence and a sentence of immediate parole are the same. However, even though a defendant may serve the same amount of time under a suspended sentence and a sentence with immediate parole, "parole is not equivalent to other actions, such as suspension, that result in a shorter sentence served." United States v. Frias, 338 F.3d 206, 211 (3d Cir.

_____

[5] Parsons received three criminal history points apiece from two convictions in 1998 and 2001 because each conviction carried a sentence exceeding one year and one month. He also received one criminal history point for his 2010 conviction for which he was sentenced to one year probation.

2003). Therefore, we conclude that District Court did not err in calculating Parsons's criminal history score and category.

## B.

Parsons also challenges the sufficiency of the superseding indictment. These challenges fail because Parsons entered an unconditional guilty plea to Count One of the indictment and therefore has waived all of these issues. When a criminal defendant pleads guilty, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Accordingly, we will not consider his arguments regarding the sufficiency of the superseding indictment.

## C.

Finally, we reject Parsons's challenge to the District Court's dismissal of his April 4, 2015 motion for ineffective assistance of counsel as untimely. The District Court did not overstep its substantial discretion to manage its docket by setting deadlines, especially given Parsons's prolific filings. See Drippe, 604 F.3d at 783. The District Court initially set a motions deadline of October 3, 2014. It then set a second, extended deadline of December 9, 2014. It even accepted several late filings from Parsons that were filed after that second deadline. It had already ruled on all of those motions in February 2015 before Parsons chose to file this motion. Moreover, the denial of this

motion on timeliness grounds did not cause any substantial prejudice.  Parsons is free to raise the issue in a post-conviction collateral petition.[6]

IV.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[6] We have considered Parsons's other arguments and deem them to be without merit.